TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00633-CR







In re Harold Curtis Biddie







FROM THE DISTRICT COURT OF BASTROP COUNTY, 335TH JUDICIAL DISTRICT


NO. 7068, HONORABLE H. R. TOWSLEE, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



Harold Curtis Biddie is serving a ninety-nine year prison sentence imposed in 1988
for aggravated sexual assault. He appeals from the district court's finding that the results of post-conviction forensic DNA testing were not favorable to him. See Tex. Code Crim. Proc. Ann. arts.
64.04, .05 (West Supp. 2003). We will affirm.

Acting through counsel, Biddie filed his original motion for DNA testing in October
2001. In its response, the State noted that the motion did not specify the evidence for which testing
was sought. Biddie's counsel then filed a motion to inspect and examine the physical evidence
connected with this case. The motion was granted. In February 2002, counsel filed an amended
testing motion asking that the complainant's panties and bed sheets be tested. This motion was
granted three days later.

The written report of the Department of Public Safety Laboratory was filed on August
20, 2002. The report states that DNA contained in semen stains found on the complainant's blue and
white bed sheet matched DNA taken from Biddie's saliva. Other stains on this exhibit contained
Biddie's DNA, the complainant's DNA, and DNA from unknown individuals. Stains found on the
complainant's pink bed sheet contained Biddie's DNA and DNA from an unknown individual. 
Stains found on the complainant's panties contained the complainant's DNA.

A hearing was held on August 21, 2002. See id. art. 64.04. At the conclusion of the
hearing, the district court signed its written finding that the DNA test results "are not favorable to
[Biddie] in that it is not reasonably probable that [Biddie] would not have been prosecuted or
convicted had the results of this DNA analysis been available before or during the trial of the offense
for which [Biddie] now stands convicted." See id.

Biddie's appeal from the August 21 finding was perfected by the new attorney
appointed for his appeal. While the appeal was pending, Biddie's request to dismiss appointed
counsel and represent himself on appeal was granted.

In his brief to this Court, Biddie primarily complains that the DNA sample ordered
taken from him in February 2002 was not taken. The explanation for this appears in the laboratory
report, which indicates that a saliva sample taken from Biddie in 1988 and preserved since then was
used to obtain samples of his DNA. Biddie also complains that he was not allowed to personally
inspect the evidence in this case. The record reflects, however, that his attorney was given this
opportunity. Finally, Biddie complains that his attorney did not designate the laboratory to do the
testing. As permitted by statute, the court chose to have the testing done by the Department of Public
Safety. See id. art. 64.03(c). 

Because Biddie has not shown procedural error or any other basis for disturbing the
district court's finding that the DNA test results were not favorable to him, we affirm that finding.



 __________________________________________

 Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: May 15, 2003

Do Not Publish